**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **THE ADELLE LINCOLN** | ) | |
| **ALESSANDRONI REVOCABLE** | ) | |
| **TRUST,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO. 1:23-CV-02459-** |
| | | **SEG** |
| | ) | |
| **LANCE LAMBERTON,** | ) | |
| **Defendant.** | ) | |

## MOTION TO DISMISS IN LIEU OF ANSWER

COMES NOW, Lance Lamberton by and through his counsels of record and files this his Motion to Dismiss Plaintiffs' Complaint, in lieu of filing an Answer, pursuant to Rule 12(6) of the Federal Rules of Civil Procedure (FRCP) showing this Honorable Court as follows:

## MATERIAL FACTS

This matter stems from a will contest now pending in the Stamford Connecticut Probate Court styled *In the Matter of Adelle Alessandroni*, Case number 17-00018 (the "Estate Matter"). (See, Complaint ¶¶ 29, 30, 59). That matter is still pending before the Stamford Probate Court and no writing purporting to be a will has been admitted to probate. (See Complaint ¶¶ 58, 63). In that same matter,

objections have also been raised as to the validity of a trust that would receive the bulk of that Estate, the Plaintiff Trust herein. (See, Complaint ¶ 14). There is also pending a separate action in the Stamford Connecticut Probate Court in which the acting trustee of Plaintiff has sought approval of an accounting of the subject trust styled *In re: Adelle Alessandroni Revocable Trust*, Case number 20-00913 (the "Trust Accounting Matter") (See, Complaint ¶ 43).  Beneficiaries of the trust have objected to the accounting. (See Complaint ¶ 46).  The Trust Accounting Matter remains pending. (See Complaint ¶¶ 49, 50).

In the Trust Accounting Matter, Defendant Lance Lamberton sought to receive distributions from the trust due to advancing age and ill health. (See Complaint ¶ 65).  The acting trustee opposed the request and attempted to prevent a hearing on the request for distributions.  On April 29, 2022, the Stamford Probate Court issued a decree overruling the acting trustee's objections and ordered that a hearing be held on the distributions. (See Complaint ¶ 53).  The acting trustee then appealed that decree to the Stamford Connecticut Superior Court, again seeking to prevent a hearing on Defendant's request for distributions.  That matter is still pending and is styled *The Adelle Lincoln Alessandroni Revocable Trust, et al. v. Appeal from Stamford Probate Court*, FST-CV22-6056671-S.

In the Estate Matter, Defendant with his son Roarke Lamberton-Davies objected to the payment of legal fees by Defendant's mother's estate for a "nominated executor." The first appeal concerned whether a "nominated executor" was a fiduciary for purposes of reimbursement or advancement of legal fees from an estate. That action was filed on or about December 13, 2017, and was styled as *Lamberton v. Lamberton*, FST-CV18-6034338-S. (Plaintiff describes this as the "Appeal No. 1") (See, Complaint ¶ 33). The Superior Court decided in favor of the nominated executor Rearden Lamberton on January 23, 2019. (See Complaint Ex. A). On February 11, 2019, that order was appealed to the Connecticut Appellate Court which affirmed the Superior Court's decision on May 5, 2020. See, *Lamberton v. Lamberton*, 197 Conn. App. 240 (2020) (See, Complaint ¶ 41; Plaintiff describes this as the "Appeal No. 2"). (See, Complaint ¶ 36). **While the first matter was pending before the Connecticut Appellate Court**, the Stamford Probate Court issued a decree ordering payment of additional fees to the nominated executor. In order to preserve the issue in the event that the Connecticut Appellate Court ruling was favorable, an appeal of that decree was taken to the Stamford Superior Court on December 11, 2019, styled *Lamberton v. Lamberton*, FST-CV20-6044866-S. (Plaintiff describes this as the "Appeal No. 3"). (See. Complaint ¶ 39). Rearden

Lamberton brought a motion for summary judgment in that matter which was denied by the Connecticut Superior Court. See, *Lamberton v. Lamberton*, 2021 WL 1828093 (Conn. Super. Ct. April 21, 2021). Ultimately, Defendant withdrew that matter on July 29, 2021. (See Complaint ¶ 57).  Significantly, in **none** of these "appeals" was the Plaintiff a party.

## ARGUMENT & CITATION OF AUTHORITY

### I.     Standard For Motion to Dismiss

Under FED. R. CIV. P. 12(b)(6), a case warrants dismissal if the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citations and quotations omitted).

The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Young Apartments, Inc*

*v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008). However, factual allegations, even though assumed to be true, must still be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a court must accept well-pleaded facts as true when evaluating a motion to dismiss under this Rule, it is not required to accept a plaintiff's legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Indeed, if a complaint does not plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face" dismissal is appropriate. *Iqbal*, 556 U.S. 662 at 678.

## II.   Plaintiff's Complaint Should Be Dismissed As Plaintiff Is Not The Real Party In Interest.

Federal Rule of Civil Procedure 17 provides that a case "must be prosecuted in the name of the real party in interest." Whether the plaintiff is the real party in interest is a question of Federal law interpreting Rule 17(a). However, in determining who is the real party in interest under Federal law the court must first ascertain who has the substantive right of action under controlling substantive State law. *American Fidelity & Cas. Co. v. All American Bus Lines*, 10 Cir., 1950, 179 F.2d 7, 10; *Rosenfeld v. Continental Building Operating Company*, D.C.W.D. Missouri 1955, 135 F.Supp. 465, 467; *Doherty v. Mutual Warehouse Company*, 5 Cir., 1957, 245 F.2d 609. "The real party in interest, is the person, who, by the substantive governing law, has the right sought to be enforced." *Moon v. Mercury Ins. Co. of Georgia*, 253 Ga. App. 506, 509, 559 S.E.2d 532, 536 (2002). In federal cases, state substantive

law governs whether a party is the real party in interest. *Pompa v. American Family Mut. Ins. Co.*, 506 F. Supp. 2d 412, 415 (D. Colo. 2007).

The Plaintiff has brought this action citing both Georgia and Connecticut law. Under Georgia law, "[e]very action shall be prosecuted in the name of the real party in interest." OCGA § 9-11-17 (a).1 "The real party in interest is the person who, by the substantive governing law, has the right sought to be enforced." *Golden Pantry Food Stores v. Lay Bros.*, 266 Ga. App. 645, 651 (3), 597 S.E.2d 659 (2004) (citations and punctuation omitted). A fundamental aspect of Georgia jurisprudence is that in "every suit brought in this State there must be a real plaintiff and a real defendant." *Western, etc., R. Co. v. Dalton Marble Works*, 122 Ga. 774, 775 (1, 2), 50 S.E. 978 (1905).  A real person means a person natural or artificial (e.g. a corporation) or quasi-artificial (e.g. a partnership).  Id.  Any other suit has been declared a nullity.  Id.  Older jurisprudence went so far as to hold that this requirement was "no mere technicality."  *Knight's Pharmacy Co. v. McCall*, 181 Ga. 617, 618(2), 183 S.E. 497 (1936).  See also, *Estate of Norton v. Hinds*, 182 Ga. App. 35, 35, 354 S.E.2d 663, 664 (1987). In the Probate context, this doctrine has been interpreted to mean that a case brought against a designated estate is not a suit with a real defendant as required by the rule.  Essentially, a dead man cannot be sued

because his estate is mere inanimate property. Thus, suits to bind the estate of a dead man should be brought in the name of a personal representative-an executor, administrator, etc. *Knox v. Greenfield Estate*, 7 Ga.App. 305, 66 S.E. 805 (1910); *Estate of Norton v. Hinds*, 182 Ga. App. 35, 35, 354 S.E.2d 663, 664 (1987). "Generally, any cause of action belonging to a trust must be pursued by the trustee[.]" *Schinazi v. Eden*, 338 Ga. App. 793, 795 (1), 792 S.E.2d 94 (2016); see also *Skinner v. DeKalb Federal Sav. & Loan Assn*., 246 Ga. 561, 563, 272 S.E.2d 260 (1980) (legal title to trust assets is in the trustee, and any cause of action for breach of a trust must be pursued by the trustee).

Under Connecticut law, a trust is not a legal entity that can sue or be sued. *Booker v. Cappozziello*, 2006 WL 2194653, *1-2 (Conn. Super. Ct. July 21, 2006). "A [common-law] trust cannot sue or be sued in Connecticut . . .Where such trusts have no standing to sue or be sued in their own names, suit must normally be brought by or against the trustees." *Randolph Foundation v. Appeal from Probate Court*, 2001 WL 418059, * 13, 17 (Conn. Super. Ct. April 3, 2001) (finding that neither common-law nor testamentary trusts have standing to sue or be sued). Similarly, an estate is not a legal entity under Connecticut law and can neither sue nor be sued.

As the Connecticut Appellate Court held in *Isaac v. Mount Sinai Hospital*, 3 Conn.

App. 598, 600 (1985),

> It is elemental that in order to confer jurisdiction on the court the [party] must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. ... An estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent. ... Not having a legal existence, it can neither sue nor be sued.

(citations and internal quotations omitted), cert. denied, 196 Conn 807 (1985);

*see also, Rock v. University of Connecticut*, 323 Conn 26, 32 (2016) ("It is

well established that an estate is not a legal representative.").

In *American Tax Funding, LLC v. Design Land Developers of Newtown,

Inc.*, 200 Conn. App. 837 (2020), the Connecticut Appellate Court considered an

action brought against a defendant estate for tax liens. The Superior Court

defaulted the estate for failure to plead. *Id*. at 840. The estate appealed and the

Appellate Court held that the trial court lacked jurisdiction to render judgment

against the estate. *Id*. at 843. The *American Tax* court reasoned that since an estate

is not a legal entity the trial court did not have jurisdiction. *Id*. at 844-45. The

court concluded that because the Superior Court lacked jurisdiction, its judgment

was a nullity and order that it be vacated. *Id*. at 846, 852.

Connecticut courts have repeatedly dismissed actions that are brought by or against fictitious entities such as trusts or estates.  For example, in *Impresa v. Armand Drive Group Trust*, 2018 WL 3578964 (Conn. Super. Ct. July 13, 2018) (collecting cases), the court held that an action against an estate defendant must be dismissed. "In the present case, because an estate does not have a legal existence, an action commenced against it is void ab initio.  The court is without jurisdiction to hear a claim regarding a non-existent entity." *Id*. at *2 (internal quotations and citations omitted).  In *Impresa*, the court considered a motion to dismiss a claim brought against an estate where the Plaintiff sought leave to amend to cure the defect.  The *Impresa* court reasoned:

> The plaintiff's argument that amendment should be permitted to allow substitution of the defendant is unavailing. Because the defendant in the original complaint never existed there is "no legally recognized entity for which there could be a substitute."

2018 WL 3578964, at *2, quoting *Isaac v. Mount Sinai Hospital*, 3 Conn. App. 598, 600 (1985).  This principle was also applied in *Davila v. Morris*, where the plaintiff used a fictitious name to commence a case, the court reasoned that "a complaint filed by a plaintiff who lacks legal capacity to sue at the commencement of an action must be dismissed for lack of subject matter jurisdiction and that the jurisdictional deficiency cannot be remedied by a later substitution or amendment." 2009 WL

5342491, *4 (Conn. Super. Ct. Dec. 4, 2009).  Accordingly, under Connecticut law this action is *void ab initio* and cannot be cured by amendment.

Plaintiff has brought this action naming the Adelle Lincoln Alessandroni Revocable Trust as Plaintiff. Pursuant to both Georgia and Connecticut law, the trustee is the real party in interest for all actions related to the trust litigation and the executor of the estate is the real party in interest related to all estate litigation. Accordingly, to recover on claims related to the trust litigation or estate litigation, both the trustee of the trust and the executor of the estate must be the named Plaintiffs. As such, Plaintiff has failed to name the real party in interest and the Complaint must be dismissed.

## III.    Plaintiff's Enumerated Claims Fail As A Matter Of Law.

### A. Count One – Injunctive Relief

In count one of the Complaint, Plaintiff seeks an injunction enjoining Defendant from "engaging in vexatious, harassing, and bad faith conduct, and in abusing the litigation processes." Plaintiff does not reference any statute or authority under which Plaintiff is seeking said injunctive relief. However, Plaintiff does not maintain an action for injunction whether sought under FED. R. CIV. P. 65 or other applicable state law.

### *Defendant Has A Constitutional Right To Participate in Litigation*

"[T]he very first provision of the Bill of Rights in [t]he Constitution of this state guarantees to all persons due process of law and unfettered access to the courts of this state. (Cit.) These fundamental constitutional rights require that every party to a lawsuit... be afforded the opportunity to be heard and to present his claim or defense, i.e., to have his day in court. (Cits.)' " *In re Lawsuits of Carter*, 235 Ga. App. 551, 552 (1998)(quoting *Morrow v. Vineville United Methodist Church*, 227 Ga. App. 313, 316(1) (1997)). "The Constitution of this state guarantees to all persons due process of law and unfettered access to the courts of this state. Art. I, Sec. I, Pars. I and IX, Constitution of Georgia of 1976 (Code Ann. §§ 2-101 and 2-109). Plaintiff cannot enjoin the Defendant from participating in litigation as Defendant has a due process right to utilize the court system to pursue his legitimate claims and defenses. As such, Plaintiff's claim for injunction should be dismissed.

### *Plaintiff Cannot Meet The Elements Required For an Injunction Pursuant to FED. R. CIV. P. 65.*

Preliminary and permanent injunctive relief is an "extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites. The burden of persuasion in all of the four requirements is at all times upon the plaintiff." *United States v. Jefferson Cnty.*, 720 F.2d 1511,

1519 (11th Cir. 1983) (internal citation omitted). To prevail on a motion for a preliminary injunction, the moving party must prove: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that its own injury outweighs the injury to the non-moving party; and (4) the injunction would not be not adverse to the public interest. *See Klay v. United Healthgroup*, *Inc*., 376 F.3d 1092, 1097 (11th Cir. 2004). A request for a preliminary injunction may be denied if the movant fails to demonstrate any of the four required elements. *Cafe 207, Inc. v. St. Johns Cnty*., 989 F.2d 1136, 1137 (11th Cir. 1993); *Jefferson Cnty*., 720 F.2d at 1519-20. To obtain a permanent injunction, as opposed to a temporary injunction, a plaintiff "must show actual success on the merits, rather than a mere likelihood of success on the merits." *Spottsville v. Barnes*, 135 F.Supp.2d 1316, 1318 (N.D. Ga. 2001).  Moreover, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against" the issuance of injunctive relief. *Jefferson Cnty*., 720 F.2d at 1520 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Plaintiff has failed to even allege - much less demonstrate - such a showing here, particularly with regard

to a substantial likelihood of success on the merits. The Complaint fails to offer anything more than conclusory allegations masquerading as facts, which is not sufficient to support Plaintiff's claim. Plaintiff has not plead and cannot maintain the requisite elements to entitle Plaintiff to an injunction and such claim must be dismissed.

***Plaintiff maintains an adequate remedy at law.***

"An injunction is an equitable remedy, available only when there is no adequate remedy at law." *Weaver v. Florida Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999). Plaintiff states that it has incurred irreparable harm by incurring attorney's fees and expenses of litigation in relation to defending against Defendant's legal claims. Plaintiff maintains several legal remedies to address any alleged frivolous or vexatious litigation, including bringing an action for fees and expenses of litigation pursuant to substantive state law. As such, Plaintiff maintains an adequate remedy at law and an injunctive relief if not proper and must be dismissed.

## B. Count Two – Abusive Litigation Pursuant to O.C.G.A. §51-7-81.

Count two of Plaintiff's Complaint seeks a claim of abusive litigation pursuant to O.C.G.A. §51-7-81 related to the Connecticut litigation, including Defendant's

objection to the probate of Adelle's last will and testament, corresponding appellate actions associated with the probate litigation, and litigation related to the trust.

Georgia's abusive litigation statute creates an independent cause of action for abusive litigation and provides that "[a]ny person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) with malice; and (2) without substantial justification." O.C.G.A. § 51-7-81.

The statute defines the key terms of this offense. "Malice" means "acting with ill will or for a wrongful purpose and may be inferred in an action if the party initiated, continued, or procured civil proceedings . . . in a harassing manner or used process for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based." O.C.G.A. § 51-7-80(5). A "wrongful purpose" results in, or has the effect of, "(A) Attempting to unjustifiably harass or intimidate another party or witness to the proceeding; or (B) Attempting to unjustifiably accomplish some ulterior or collateral purpose other than resolving the subject controversy on the merits." O.C.G.A. § 51-7-80(8). "Without substantial justification" means a civil proceeding that is "(A) Frivolous; (B) Groundless in fact or in law; or (C) Vexatious." O.C.G.A. § 51-7-80(7). In sum, a person is liable for

abusive litigation only if, in connection with a civil proceeding, (1) the person acts with ill will or is attempting to unjustifiably harass or intimidate another party or attempting to unjustifiably accomplish some ulterior or collateral purpose, and (2) the civil proceeding is frivolous, groundless in fact or law, or vexatious. O.C.G.A. §§ 51-7-80(5), (7), (8), & 51-7-81

A claim for abusive litigation must be brought as a separate cause of action from the underlying litigation, and such an action must be filed after the conclusion of the allegedly abusive action. See O.C.G.A. § 51-7-84(b). The statute further provides that as a "condition precedent to any claim for abusive litigation," a party must provide written notice to the other party of its intent to bring an action for abusive litigation, and must give the opposing party an opportunity to voluntarily dismiss the allegedly abusive action. O.C.G.A. § 51-7-84(a).

**1. Plaintiff's claim for abusive litigation pursuant to O.C.G.A. §51-7-81 fails as the proceedings in which the alleged abusive litigation occurred remain pending.**

Pursuant to O.C.G.A. §51-7-84(b), "An action or claim under this article requires the *final termination* of the proceeding in which the alleged abusive litigation occurred." O.C.G.A. §51-7-84(b) (emphasis added). As acknowledged in Plaintiff's Complaint, the litigation related to the validity of the Trust and the probate of the

Decedent's last will and testament remains pending. Specifically, Plaintiff admits, "As with Adelle's Estate, the Trustee Accounting now remains in protracted litigation." See, Complaint paragraphs 49, 50, 58. As the proceedings in which the alleged abusive litigation occurred remains pending, a claim under O.C.G.A. §51-7-81 is not ripe and must be dismissed.

### 2. Plaintiff's claims for abusive litigation related to any appellate actions fail as a matter of law.

Plaintiff appears to include Defendant's appellate actions in the probate litigation as part of its claim for abusive litigation pursuant to O.C.G.A. §51-7-81. Plaintiff's claim for any alleged abusive litigation related to Defendant's appellate actions fail as a matter of law as Plaintiff has failed to comply with the requirements of O.C.G.A. 51-7-84. In the probate litigation, Defendant with his son Roarke Lamberton-Davies objected to the payment of legal fees by Defendant's mother's estate for a "nominated executor." The first appeal concerned whether a "nominated executor" was a fiduciary for purposes of reimbursement or advancement of legal fees from an estate. That action was filed on or about December 13, 2017, and was styled as *Lamberton v. Lamberton*, FST-CV18-6034338-S. (Plaintiff describes this as the "Appeal No. 1"). The Superior Court decided in favor of the nominated executor Rearden Lamberton on January 23, 2019. See Complaint Ex. A. On February 11,

2019, that order was appealed to the Connecticut Appellate Court which affirmed the Superior Court's decision on May 5, 2020. See, *Lamberton v. Lamberton*, 197 Conn. App. 240 (2020) (Plaintiff describes this as the "Appeal No. 2"). **While the first matter was pending before the Connecticut Appellate Court**, the Stamford Probate Court issued a decree ordering payment of additional fees to the nominated executor. In order to preserve the issue in the event that the Connecticut Appellate Court ruling was favorable, an appeal of that decree was taken to the Stamford Superior Court on December 11, 2019, styled *Lamberton v. Lamberton*, FST-CV20-6044866-S. (Plaintiff describes this as the "Appeal No. 3"). Rearden Lamberton brought a motion for summary judgment in that matter which was denied by the Connecticut Superior Court. See, *Lamberton v. Lamberton*, 2021 WL 1828093 (Conn. Super. Ct. April 21, 2021). Ultimately, Defendant withdrew that matter on July 29, 2021. Significantly, in **none** of these matters was the Plaintiff a party.

### *Failure to comply with O.C.G.A. §51-7-84(a)*

O.C.G.A. §51-7-84(a) provides a notice requirement that Plaintiff shall give written notice by registered or certified mail and thereby give the person against whom an abusive litigation claim is contemplated an opportunity to withdraw, abandon, or dismiss the action. The notice provision of this law is "strictly

construed." *Talbert v. Allstate Ins. Co.*, 200 Ga. App. 312, 313 (1991). Plaintiff admits that an abusive litigation notice was not mailed to Defendant until April 28, 2023. All appellate litigation was terminated and disposed of as of July 29, 2021. As such, Plaintiff failed to comply with the notice requirements of O.C.G.A. §51-7-84(a) and any claims for abusive litigation related to the appellate actions is barred and must be dismissed.

### *Failure to comply with O.C.G.A. §51-7-84(b)*

O.C.G.A. §51-7-84(b), requires that "an action or claim under this article requires the final termination of the proceeding in which the alleged abusive litigation occurred and must be brought within one year of the date of final termination." Absent the filing of a motion for reconsideration or a petition for certification of Supreme Court review, an appellate action terminates following the entry of the court's decision. As affirmed in Plaintiff's Complaint, all appellate actions related to the probate proceedings were disposed of as of July 29, 2021. See, Complaint, paragraphs 34,41,56-57. As such, any claims for abusive litigation related to the appellate actions would be required to be pursued prior to July 29, 2022. Any claims for abusive litigation related to the appellate actions must be dismissed.

### *Plaintiff Is Barred From Seeking Any Claims For Abusive Litigation Related To Defendant's Third Appeal Pursuant to O.C.G.A. §51-7-82(a).*

In addition to the fact that Plaintiff's claims are barred under O.C.G.A. §51-7-84(b), any claims related to the Defendant's third appeal are additionally barred under O.C.G.A. §51-7-82(a). Pursuant to O.C.G.A. §51-7-82(a), "It shall be a complete defense to any claim for abusive litigation that the person against whom a claim of abusive litigation is asserted has voluntarily withdrawn, abandoned, discontinued, or dismissed the civil proceeding, claim, defense, motion, appeal, civil process, or other position which the injured person claims constitutes abusive litigation within 30 days after the mailing of the notice required by subsection (a) of Code Section 51-7-84 or prior to a ruling by the court relative to the civil proceeding, claim, defense, motion, appeal, civil process, or other position, whichever shall first occur . . ." Defendant withdrew his third appeal. Withdrawal of an action prior to a ruling by the trial court relative to the claim is a complete defense to any claim for abusive litigation. O.C.G.A. § 51-7-82(a). Accordingly, Plaintiff is precluded from seeking any claims associated with Defendant's third appeal.

### 3. Plaintiff's claim for abusive litigation pursuant to O.C.G.A. §51-7-81 fails as the alleged abusive conduct did not occur in Georgia.

Plaintiff attempts to bring a claim for abusive litigation under the Georgia Abusive Litigation statute for litigation that occurred in Connecticut. Conflict of laws issues in tort cases brought in Georgia are governed by the rule of lex loci delicti, which requires application of the substantive law of the place where the tort or wrong occurred. *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808, 621 S.E.2d 413 (2005); R*igby v. Flue-Cured Tobacco Cooperative Stabilization Corporation*, 339 Ga. App. 558, 561, 794 S.E.2d 413, 416 (2016) (Georgia law should apply to breach of fiduciary duty claim under the doctrine of lex loci delicti because the injuries to the appellants, all Georgia residents, were suffered in Georgia). Accordingly, in a tort action involving a choice-of-law question, Georgia courts will apply the substantive law of the state where the wrong took place, rather than the law of the place where the acts that allegedly caused the injury were committed. *Baltimore Football Club, Inc. v. Lockheed Corp.*, 525 F. Supp. 1206 (N.D. Ga. 1981). All litigation in this matter occurred in Connecticut. As such, substance Connecticut law is required for any claim of abusive litigation. As such, Plaintiff's claims under O.C.G.A. §51-7-80 must be dismissed.

### 4. Abusive Litigation is the Exclusive Remedy And Plaintiff Is Precluded From Seeking Other Claims.

Any claims effectively sounding in abusive litigation are limited to the procedures set forth in the statute regardless of the labels attached to them by Plaintiffs. *See Meadow Springs Recovery. LLC v. Wofford*, 319 Ga. App. 79, 82, 734 S.E.2d 100, 103 (2012). The statute provides, "no claim other than as provided in this article or in Code Section 9-15-14 shall be allowed, whether statutory or common law, for the torts of malicious use of civil proceedings, malicious abuse of civil proceedings, nor abusive litigation. *This article is the exclusive remedy for abusive litigation*. O.C.G.A. § 51-7-85 (emphasis added). It is well-established Georgia law that given the exclusive remedy for claims of abusive litigation, Plaintiff may not circumvent the requirements of the abusive litigation statute "merely by characterizing their claims arising from the allegedly abusive lawsuit as some other cause of action." *Wofford*, 319 Ga. App. at 82, 734 S.E.2d at 103. Moreover, an abusive litigation claim is not available if the plaintiff moved for attorneys' fees and expenses under Code Section 9-15-14 in the underlying civil proceeding. *Coen v. Aptean, Inc*., 346 Ga. App. 815, 816 S.E.2d 64 (2018). To the extent Plaintiff seeks claims under O.C.G.A. §51-7-80, any other claim related to abusive litigation would be barred and must be dismissed.

## C. Count Three – Vexatious Litigation Conn. Gen. Stat. §52-568

Connecticut General Statutes § 52-568 provides that "[a]ny person who commences and prosecutes any civil action … (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages."  "A condition precedent to the institution of an action for vexatious litigation is that the original action has terminated unsuccessfully. As the Connecticut Supreme Court explained, "[w]e have held that a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor.... In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor." (Emphasis omitted; internal quotation marks omitted.) *Somers* v. *Chan*, 110 Conn. App. 511, 542, 955 A.2d 667 (2008). Accordingly, "for a vexatious litigation claim to be ripe for adjudication, the party must allege, among other facts, that the allegedly vexatious litigation has terminated in its favor." *Keller* v. *Beckenstein*, 122 Conn. App. 438, 444, 998 A.2d 838 (2010), rev'd on other grounds, 305 Conn. 523, 46 A.3d 102 (2012).  A claim

for vexatious litigation prior to termination of the underlying action is not ripe for adjudication.

As Plaintiff concedes, the underlying Connecticut Litigation remains pending. Complaint ¶¶ 49, 50, 58.  Plaintiff has not plead – because it cannot – that the underlying litigation is terminated.  Accordingly, any Connecticut claim for statutory vexatious litigation must be dismissed.

### D. Count Four – Vexatious Litigation – CT Common Law

"[T]o establish a claim for vexatious litigation at common law, one must prove want of probable cause, malice and a termination of suit in the plaintiff's favor. … The statutory cause of action for vexatious litigation exists under § 52-568, and differs from a common-law action only in that a finding of malice is not an essential element, but will serve as a basis for higher damages." *Bernhard-Thomas Building Systems, LLC v. Dunican*, 286 Conn. 548, 554 (2008) (citations and internal quotation omitted).

At common law in Connecticut, a claim for vexatious litigation also requires that the underlying litigation be terminated before commencing the action.  As Plaintiff concedes, the underlying matters are still being litigated in Connecticut.

Accordingly, a Connecticut common law claim for vexatious litigation must be dismissed.

### E. Count Five – Abuse of Process – CT Common Law

"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." *Larobina* v. *McDonald*, 274 Conn. 394, 403 (2005) (quotation and citation omitted.).  "Although favorable termination of the underlying action is not a prerequisite for an abuse of process claim, the Connecticut Supreme Court held in *Larobina* that an abuse of process claim is nonetheless 'premature' and, therefore, subject to dismissal while the underlying litigation remains pending.... Critically, this holding was not driven by constitutional ripeness concerns." *Pursuit Opportunity Fund I Master Ltd.* v. *Claridge Associates, LLC*, 467 F. Supp. 3d 32, 35 (D. Conn. 2020) (citations and internal quotations omitted.). Accordingly, "in the vast majority of cases since *Larobina*, premature abuse of process claims have been disposed of by way of a motion to dismiss under Rule 12(b)(6). . . ." *Id.* (collecting cases).

Again, as Plaintiff has conceded, the underlying litigation remains pending in Connecticut.  It is therefore premature for any court to consider a Connecticut abuse of process claim. Accordingly, Plaintiff's Fifth Claim must be dismissed**.**

### F.  Count Six – Fees Pursuant to O.C.G.A. §13-6-11

Plaintiffs' claims for fees pursuant to O.C.G.A. § 13-6-11 fails as all other claims fail. Damages under O.C.G.A. § 13-6-11 are "ancillary and recoverable only where other elements of damage are recoverable on the underlying claim." *Freeman v. Wheeler*, 277 Ga. App. 753, 757, 627 S.E.2d 86, 90 (2006) (finding defendants entitled summary judgment on plaintiff's claim for attorney's fees under O.C.G.A. § 13-6-11 where defendants won summary judgment on the underlying abusive litigation action). Here, because Plaintiffs cannot maintain an action for abusive litigation, their claim for attorney's fees under O.C.G.A. § 13-6-11 cannot be maintained and must be dismissed.

### CONCLUSION

For the above and foregoing reasons, Defendant respectfully request that Plaintiff's Complaint be dismissed.

Submitted, this 17th day of July, 2023.

**O'DELL, O'NEAL, HUNGERFORD, & BLANCHARD**

*/s/ Justin O'Dell*

Justin O'Dell, Georgia Bar No. 549414
jbo@odelloneal.com
Leslee Hungerford, GA Bar No. 423578
lch@odelloneal.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

This 17th day of July, 2023.

**O'DELL, O'NEAL, HUNGERFORD, & BLANCHARD**

*/s/ Justin O'Dell*
Justin O'Dell, Georgia Bar No. 549414
jbo@odelloneal.com
Leslee Hungerford, GA Bar No. 423578
lch@odelloneal.com

506 Roswell Street, Suite 210
Marietta, Georgia 30060
(770) 405-0164
www.odelloneal.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(D) of the Local Rules of the Northern District of Georgia, the undersigned counsel for Defendants hereby certifies that the foregoing document was prepared in a font and point selection approved by this Court and authorized by Local Rule 5.1(C).

This 17th day of July, 2023.

**O'DELL, O'NEAL, HUNGERFORD, & BLANCHARD**

*/s/ Justin O'Dell*
Justin O'Dell, Georgia Bar No. 549414
jbo@odelloneal.com
Leslee Hungerford, GA Bar No. 423578
lch@odelloneal.com

506 Roswell Street, Suite 210
Marietta, Georgia 30060
(770) 405-0164
www.odelloneal.com